UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAYTON SUPERIOR CORPORATION,

   Plaintiff,

-v-

JULIAN Z. YAN, et al.,

   Defendants.

Case No. 3:12-cv-380

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING SUPERIOR'S MOTION TO DISMISS (Doc. #93)**

---

Now before the Court is Plaintiff Dayton Superior Corp.'s ("Superior's") Motion To Dismiss. (Doc. #93.) Therein, Superior seeks to dismiss Defendant Michael Klover's ("Klover's") Amended Counterclaim (doc. #84).

Superior seeks to dismiss Klover's Amended Counterclaim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). If jurisdiction is found, Superior seeks to dismiss Count II of Klover's Amended Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) and seeks an order requiring Klover to provide a more definitive statement as to Count I pursuant to Fed. R. Civ. P. 12(e). Klover responds that subject matter jurisdiction exists, Count II states a valid claim and that a more definitive statement pursuant to Fed. R. Civ. P. 12(e) is not necessary at this point in this litigation.

Superior's Motion To Dismiss is ripe for decision. The Court will first consider whether it has subject matter jurisdiction over Klover's Amended Counterclaim. If so, the Court will consider the remaining branches of Superior's Motion.

**RELEVANT LEGAL PROVISIONS**

**Rule 12(b)(1) Motions**

Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally fall into one of two categories: facial attack or factual attack. *Ohio National Life Insurance Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack questions the sufficiency of the pleading. *Id.* In reviewing a facial attack, a trial court takes the allegations in the complaint as true. In reviewing a factual attack, no presumptive truthfulness applies. *Id.*

Superior's Motion To Dismiss is a facial attack on Klover's Amended Counterclaim. Thus, Superior's Motion questions the sufficiency of Klover's Amended Counterclaim.

Regarding proof of a Rule 12(b)(1) motion, the party asserting jurisdiction has the burden.  *Thomson v. Gaskill*, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942);  *Moir v. Greater Cleveland Regional Transit Authority*, 895 F. 2d 266 (6th Cir. 1990);  5A Wright and Miller, *Federal Practice and Procedure, Civil 2d*, §1350 (1990). The party asserting jurisdiction must prove jurisdiction by a preponderance of the evidence. *Wright v. United States*, 82 F.3d 419, 1996 WL 172119 (6th Cir. 1996). Thus, Klover must prove that this Court has subject matter jurisdiction over his Amended Counterclaim by a preponderance of the evidence.

**Subject Matter Jurisdiction**

Ordinarily a district court's subject-matter jurisdiction must be premised upon either diversity or federal question jurisdiction. However, a district court may also have supplemental jurisdiction over a claim or counterclaim. A court may have supplemental jurisdiction over a counterclaim if the counterclaim is so related to the claim or claims in the action over which the court has original jurisdiction such that the counterclaim forms part of the same case or controversy as the claim or claims. 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah*

*Services, Inc.*, 545 U.S. 546, 558 (2005).

A claim forms part of the same case or controversy when it is based upon the same nucleus of operative facts. *Capital Part Ltd. Dividend Housing Ass'n v. Jackson*, 202 F. App'x 873, 877 (6th Cir. 2006)(citing *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004)). For example, a counterclaim asserted by an employer against an employee for amounts due under a promissory note which the employee was to repay through paycheck deductions is based upon the same nucleus of operative facts as the employee's claims against the employer for failure to pay overtime wages and failure to keep adequate employment records. *Frisby v. Keith D. Weiner & Assoc. Co., LPA*, 669 F. Supp.2d 863, 872 (N.D. Ohio 2009). However, a counterclaim for tortious interference regarding an independent contractor agreement is not based upon the same nucleus of operative facts as a claim for copyright infringement. *J&L Mktg. v. Joseph,* No. 3:10-cv-706-H, 2011 U.S. Dist. LEXIS 56697 at *7 (W.D. Ky. May 24, 2011). Also, a counterclaim for prior wages and compensation is not based upon the same nucleus of operative facts as a claim for misappropriation of trade secrets, even though some of the evidence going to both may be overlapping. *Equus Computer Sys. v. Northern Computer Sys.*, No. 01-657, 2001 U.S. Dist. LEXIS 19049 at *8-9 (D. Minn. Nov. 14, 2001). Finally, the fact that two claims arise out of an employment relationship is not sufficient to establish that the two claims derive from the same nucleus of operative facts for purposes of supplemental jurisdiction. *Lyon v. Whisman*, 45 F.3d 758, 763 (3d Cir. 1995); *Fox v. Lovas*, No. 5:10-cv-219, 2011 U.S. Dist. LEXIS 30480 at *8 (W.D. Ky. Mar. 23, 2011); *Lauderdale v. Yellow Transp., Inc.*, No. 3:09-cv-108, 2010 U.S. Dist. LEXIS 57441 at *13-14 (S.D. Ohio June 10, 2010).

**ANALYSIS**

**Diversity Jurisdiction**

Superior's Motion To Dismiss is based upon Superior's Complaint (doc. #1) and Klover's Amended Counterclaim (doc. #84). Superior first argues that this Court does not have subject matter jurisdiction over Klover's Amended Counterclaim because it is based upon diversity jurisdiction and the amount in controversy is not greater than $75,000 and because Klover's Amended Counterclaim is not part of the same case or controversy as Superior's Complaint.

Since Klover is asserting jurisdiction, he has the burden of proving that this Court has subject matter jurisdiction. Klover's Amended Counterclaim does not include an amount in controversy and Klover offers no argument regarding the amount in controversy. Since Klover has not pled or shown that the amount in controversy is greater than $75,000, he has not met this burden. Thus this Court does not have diversity jurisdiction.

This Court must also determine if it has supplemental jurisdiction over Klover's Amended Counterclaim. This Court may exercise supplemental jurisdiction if Klover's Amended Counterclaim is based upon the same nucleus of operative facts as Superior's Complaint.

**Supplemental Jurisdiction**

Superior's Complaint includes seven (7) Claims for Relief. (Doc. #1.) Superior's First, Second and Third Claims for Relief are against Julian Y. Yan ("Yan") for breach of contract. Its Fourth and Fifth Claims for Relief are against Klover for breach of contract. Its Sixth Claim for Relief is against Yan, Klover and Epoxy Products Company, LLC ("EPCO") for violation of Ohio's Trade Secrets Act and its Seventh Claim for Relief is against Klover and EPCO for

tortious interference with contract.

Superior alleges that Klover misappropriated trade secrets, breached the confidentiality provisions of a contract and, while at EPCO, interfered with Superior's contractual relationship with Yan. The bulk of the events that form the basis of Superior's Complaint occurred within the eight (8) to ten (10) months following Klover's resignation from Superior.

Klover's Amended Counterclaim against Superior includes two (2) Counts. Count I is for breach of contract and Count II is for violation of the Missouri Merchandising Practices Act. Therein, Klover alleges that Superior has failed to pay commissions owed to Klover that Klover earned during his employment at Superior in breach of a contract and in violation of the Missouri Merchandising Practices Act.

The adjudication of Superior's Complaint and Klover's Amended Counterclaim involves different issues of law. The elements of Superior's claims of trade secret misappropriation, breach of confidentiality provisions of a contract and interference with Yan's contract are not the same elements as Klover's claims for commissions. Further, the contract that Superior alleges that Klover breached is different from the contract that Klover alleges Superior breached when it failed to properly pay commissions.

The only factual connection that Klover can make between Superior's Complaint and Klover's Amended Counterclaim is that they both deal with Klover's employment at Superior. However, this connection, alone, is not sufficient.

Any temporal connection between Superior's Complaint and Klover's Amended Counterclaim is also relatively weak. The bulk of Klover's activities underlying Superior's Complaint occurred within the last few weeks of Klover's employment and the eight (8) to ten

(10) months following his resignation. Most of the alleged commission miscalculations that form the basis for Klover's Amended Counterclaim occurred in the two (2) years prior to his resignation. Thus, the factual connections between Superior's Complaint and Klover's Amended Counterclaim do not justify the exercise of supplemental jurisdiction. Finally, without legal or enough factual connections, the evidence needed to prove Klover's Amended Counterclaim is entirely different from the evidence needed to prove Superior's Complaint.

Klover argues that Superior's Complaint and his Amended Counterclaim are sufficiently related such that this Court may exercise supplemental jurisdiction. In support, Klover cites *Frisby v. Keith D. Weiner & Assoc. Co.*, LPA, 669 F. Supp.2d 863 (N.D. Ohio 2009).

In *Frisby*, Judge Gwin found that "the Sixth Circuit read § 1367 broadly to overrule prior case law prohibiting absent members of a plaintiff class from aggregating their claims to satisfy the amount-in-controversy requirement for diversity jurisdiction." *Id.* at 871 (citing *Olden v. LaFarge Corp.*, 383 F.3d 495, (6th Cir. 2004)). Therein, Judge Gwin also cites Judge Easterbrook of the Seventh Circuit as determining that a loose factual connection between claims can be enough to exercise supplemental jurisdiction. *Id.* at 871.

The Court does not find this argument to be persuasive. The Sixth and Seventh Circuits were reviewing class certifications which is not the case here. Also, the factual connections between the claims in *Frisby* were much more closely related than is the case here.

Klover also argues that the adjudication of Superior's Complaint and his Amended Counterclaim will require the same witnesses. However, this argument is not relevant. A court's authority to exercise supplemental jurisdiction derives from § 1367, which makes no mention of witnesses. Also, a court's authority to exercise supplemental jurisdiction is not derived from the

convenience of the parties. Finally, adjudication of Superior's Complaint and Klover's Amended Counterclaim will involve mostly completely different testimony, albeit from some of the same witnesses.

Klover also argues that Superior's Complaint and his Counterclaim form part of the same case or controversy because Superior and Klover breached their duties to each other. However, this could be said about any complaint and counterclaim and does not necessarily confer supplemental jurisdiction.

Finally, Klover argues that Superior urged that it had the right to bring its Complaint in this forum and did not wish to litigate these matters in Missouri. However, where Superior wished to litigate is not relevant to whether this Court has supplemental jurisdiction over Klover's Amended Counterclaim.

## CONCLUSION

Therefore, Superior's Complaint and Klover's Amended Counterclaim are not part of the same case or controversy. Superior's Motion to Dismiss (doc. #93) is GRANTED. Klover's Amended Counterclaim is dismissed.

Superior argues that Count I of Klover's Amended Counterclaim has not been sufficiently pled and Count II of Klover's Amended Counterclaim fails to state a claim upon which relief can be granted. However, based upon the granting of Superior's motion to dismiss, the Court finds these alternative motions moot, and does not need to reach these arguments.

**DONE** and **ORDERED** in Dayton, Ohio this 22nd day of April, 2013.

*s/Thomas M. Rose*
 _____
 THOMAS M. ROSE
 UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record