UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**DAYTON SUPERIOR CORPORATION,**

   **Plaintiff,**

-v-

**JULIAN Z. YAN, et al.,**

   **Defendants.**

Case No. 3:12-cv-380

Judge Thomas M. Rose

**ENTRY AND ORDER OVERRULING EPCO'S MOTION TO UNSEAL ITS POST-HEARING BRIEF AND TO INCREASE BOND (Doc. #98)**

  Now before the Court is a Motion To Unseal Epoxy Products Company, LLC's ("EPCO's") Post-Hearing Brief and To Increase Bond filed by EPCO. (Doc. #98.) Plaintiff Dayton Superior Corporation ("Superior") has filed a Response opposing this Motion. (Doc. #101.) The time has run and EPCO has not replied. EPCO's Motion is, therefore, ripe for decision.

  EPCO seeks to unseal its Post-Hearing Brief (doc. #82) because the public, at the time of the filing of this motion, only had access to Superior's Complaint. Superior, according to EPCO, has been using its lawsuit to lure away customers.[1] Further, EPCO says it has been informed by current and prospective customers that they will not do business with EPCO until this present litigation is resolved.

  This Court has issued an Entry and Order overruling Superior's Motion for a Preliminary Injunction and Motion for a Show Cause Order Since EPCO' Motion was filed on March 29,

---

[1] The Public also has access to the Answers filed by the Defendants in this matter.

2013. (Doc. #100.) Therein, the Court sets forth the arguments and describes the testimony of all of the Parties. Among other things, the Court concluded that Superior has not shown that it is likely to succeed on the merits of its trade secrets claims against Klover, Yan and EPCO or that is likely to succeed on the merits of its noncompete claim against Yan. Finally, this Entry and Order filed by the Court is not under seal and is, thus, available for EPCO's current and prospective customers to read.

EPCO argues that it must place it's side of the story in the public domain. The Court has since done so. Therefore, there is no need to unseal EPCO's Post-Hearing Brief. EPCO's Motion to do so is OVERRULED.

EPCO also argues that the surety bond posted by Superior when this Court issued the Temporary Restraining Order ("TRO") is insufficient. It is insufficient, according to EPCO, because EPCO is "suffering the loss of hundreds of thousands of dollars in revenue which was unforeseen at the time of the initial bond posting, and this loss will continue to increase over time." EPCO asks the Court to increase the amount of bond posted to $750,000 to adequately protect EPCO from the damages it has incurred and will likely continue to incur as a result of this litigation.

The purpose of an injunction bond is to provide for the payment of costs and damages that may be incurred by any party who is found to have been wrongfully enjoined. *Division No. 1, Detroit, Brotherhood of Locomotive Engineers v. Consolidated Rail Corp.*, 844 F.2d 1218, 1225 (6th Cir. 1988). Thus, the TRO bond in this case is to provide for the payment of costs and damages to Defendants in this matter who may have been wrongfully enjoined.

EPCO does not argue that it has been wrongfully enjoined in this case. Further, EPCO

has argued that it did not violate the TRO. Finally, the TRO has expired.

Therefore, there is no legal basis for increasing the TRO bond that Superior has posted in this case.  EPCO's Motion To Increase bond is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Third Day of May, 2013.

                                              **s/Thomas M. Rose**

                                          _____
                                                THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record